ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 15, 2011

Mr. Scott Sayers, Chair
Texas State Cemetery Committee
909 Navasota
Austin, Texas 78702

Opinion No. GA-0899

Re: Jurisdiction of the Texas State Cemetery over a state highway, the majority of which is located within the boundaries of the Cemetery (RQ-0979-GA)

Dear Mr. Sayers:

You ask generally about the jurisdiction of the Texas State Cemetery ("Cemetery") over a state highway, the majority of which is located within the boundaries of the Cemetery.[1] Specifically, you tell us that the Texas State Cemetery Committee (the "Committee") would like to ban bicycles on State Highway 165 ("SH 165") and suggest it has authority to do so from section 2165.256, Government Code, which grants the Committee authority over "all operations of the State Cemetery." *See* Request Letter at 1–2; *see also* TEX. GOV'T CODE ANN. § 2165.256(a) (West 2008). Upon deciding in an open meeting to ban bicycles, the Committee asked the Texas Department of Transportation (TxDOT) for permission to post signage along the road. *See* Request Letter at 2. You inform us TxDOT "responded that SH 165 did not fall within the scope of its authority, but rather was under the authority of the City of Austin in accordance with Section 542.202(a)(4) of the Texas Transportation Code, which permits a city to regulate the operation of bicycles on a highway within its jurisdiction under its police powers." *Id.* (footnotes omitted and added) You tell us further that TxDOT "stated that it was unable to ban bicycles on SH 165 and could not authorize any related posting of signs to prohibit bicycles." *Id.*

You indicate that TxDOT suggests that the City has authority over bicycles on the roadway under subsection 542.202(a)(4) of the Transportation Code. *Id.* Subsection 542.202(a)(4) provides that title 7, subtitle C, pertaining to the rules of the road "does not prevent a local authority, with respect to a highway under its jurisdiction and in the reasonable exercise of the police power, from: . . . (4) regulating the operation . . . of a bicycle . . . except as provided by Section 551.106."[2] TEX. TRANSP. CODE ANN. § 542.202(a)(4) (West 2011); *see id.* § 551.106 (pertaining to electric

---

[1]*See* Letter from Mr. Scott Sayers, Chair, Texas State Cemetery Committee, to Honorable Greg Abbott, Attorney General of Texas at 1 (June 21, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]A "local authority" includes a county, municipality, local authorities authorized to enact traffic laws and certain school districts. *See* TEX. TRANSP. CODE ANN. § 541.002(3)(A)–(B) (West 2011).

bicycles). Subsection 542.202(a)(4) provides only that the Transportation Code's rules of the road provisions do not impede a City's authority to regulate bicycles on its roadways. Subsection 542.202(a)(4) does not foreclose the possibility that another statutory provision might authorize an entity other than a city to regulate bicycles in certain circumstances.

In considering the Committee's independent authority over bicycles in the Cemetery, we examine subsection 2165.256(a)'s phrase "operations of the State Cemetery" according to the common meaning of its terms. *See* TEX. GOV'T CODE ANN. § 2165.256(a) (West 2008); *see also id.* § 311.011(a) (West 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). Utilizing several dictionary definitions, a Texas court of appeals has stated that the "ordinary definition of the word 'operation' connotes an overall process aimed at achieving a particular end." *Sun Operating Ltd. P'ship v. Holt*, 984 S.W.2d 277, 285 (Tex. App.—Amarillo 1999, pet. denied). The State Cemetery is "[t]he Texas State Cemetery burial grounds, including the Cemetery Annex." 13 TEX. ADMIN. CODE § 71.3(1) (2011) (Tex. State Cemetery, Definitions); *see also* TEX. GOV'T CODE ANN. § 2165.256(b) (West 2008) (describing territory of the State Cemetery). And generally, a cemetery is "a place that is used or intended to be used for interment, and includes a graveyard, burial park, [or] mausoleum." TEX. HEALTH & SAFETY CODE ANN. § 711.001(2) (West 2010) (defining "cemetery"); *see also* TEX. GOV'T CODE ANN. § 2165.256(d) (West 2008) (enumerating persons eligible for burial in the State Cemetery). Construed according to these definitions, the phrase "all operations of the State Cemetery" refers generally to the process of interring a qualifying person's remains in the State Cemetery, including the operation of the Cemetery grounds. And given the statutory definition of the territory of the State Cemetery, we believe the authority over "operations of the State Cemetery" granted in section 2165.256(a) encompasses the whole of the territory described in subsection 2165.256(b). *See* TEX. GOV'T CODE ANN. § 311.011(b) (West 2005) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.").

We recognize that "all operations of the State Cemetery," as we have construed the phrase, involves more than just maintaining a functioning cemetery. *See* TEX. GOV'T CODE ANN. §§ 2165.256(i) (West 2008) (authorizing Committee to "adopt rules regulating the monuments erected" in the Cemetery), 2165.256(l), (o) (granting authority to the Committee over the allocation and location of grave plots), 2165.256(q) (authorizing Committee to actively pursue plot reservations from qualifying individuals); *see also id.* § 2165.2561(m) (West Supp. 2011) (authorizing the Committee to adopt rules necessary for the administration of the Cemetery). This is especially true because the Cemetery is also a historic site of the state. *See* Request Letter at 2 ("The Cemetery operates both as a popular historical site and as a functional cemetery."); *see also* TEX. GOV'T CODE ANN. § 2165.2561(j) (West Supp. 2011) (detailing involvement of the Texas Historical Commission in activities pertaining to historical interpretation of the Cemetery). Therefore, we hesitate to speculate on the exact parameters of the Committee's authority over the process of interring a qualifying person's remains in the State Cemetery and operating the Cemetery grounds. Rather, we leave it to the Committee to determine, in the first instance and subject to judicial review, the exact scope of its operational authority, and whether that authority necessarily includes the power to

regulate bicycles. *See Tex. Dep't of Human Servs. v. Christian Care Ctrs.*, 826 S.W.2d 715, 719 (Tex. App.—Austin 1992, writ denied) (observing that an agency as "a creature of the Legislature . . . has only such powers as are expressly granted to it by statute, together with those necessarily implied from the authority conferred or duties imposed"), *Pub. Util. Comm'n of Tex. v. GTE-Sw, Inc.*, 901 S.W.2d 401, 407 (Tex. 1995) (observing that an "agency may not, however, on a theory of necessary implication from a specific power, function, or duty expressly delegated, erect and exercise what really amounts to a new and additional power . . . no matter that the new power is viewed as being expedient for administrative purposes"); *Cf. Barrington v. Cokinos*, 338 S.W.2d 133, 142 (Tex. 1960) (recognizing that a "court has no right to substitute its judgment and discretion for the judgment and discretion of the governing body upon whom the law visits the primary power and duty to act").

To the extent the authority granted in section 2165.256(a), Government Code, may include authority to regulate bicycles in the State Cemetery, we do not believe it would irreconcilably conflict with subsection 542.202(a)(4), Transportation Code. We are mindful of the rule of statutory construction that directs us to harmonize statutes where possible. *See Chesser v. Lifecare Mgmt. Servs., L.L.C.*, No. 02-10-00291-CV, 2011 WL 3835669, at * 3 (Tex. App.—Fort Worth Aug. 31, 2011, no pet. h.) ("We are required to reconcile and harmonize apparently conflicting statutory provisions, if it is reasonably possible, so that every enactment may be given effect."). Section 2165.256 expressly and specifically carves out territory to be used as the State Cemetery, which territory includes a state highway. *See* TEX. GOV'T CODE ANN.§ 2165.256(b) (West 2008). Subsection 542.202(a)(4) pertains generally to regulation of roadways in the territory of all the local authorities across the State. *See* TEX. TRANSP. CODE ANN. 542.202(a)(4) (West 2011). Where the regulation of bicycles is concerned, any potential conflict between these two provisions may be harmonized by construing section 2165.256 as a specific statute that controls over the more general subsection 542.202(a)(4). *See* TEX. GOV'T CODE ANN. § 311.026(a) (West 2005) ("If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.").

## S U M M A R Y

The exact parameters of the Texas State Cemetery Committee's authority over all operations of the State Cemetery are not clearly defined. It is for the Cemetery Committee to determine, in the first instance and subject to judicial review, the exact scope of its operational authority, and whether that authority necessarily includes the power to regulate bicycles on State Highway 165 within the State Cemetery.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee